IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CODY PATTERSON )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) Case No.<br>KALMAR SOLUTIONS LLC )<br>)<br>Defendant. ) | |

**COMPLAINT**

COMES NOW, Plaintiff Cody Patterson and, by and through undersigned counsel, files the following Complaint against Defendant:

**I.
PARTIES.**

1. Plaintiff is a resident of Pettis County, Missouri.

2. Defendant Kalmar Solutions LLC is registered to do business in the state of Kansas.

3. On information and belief, Kalmar Solutions LLC, (hereinafter referred to as Kalmar or Defendant) employed Plaintiff at 415 E. Dundee Street, Ottawa, Kansas 66067.

4. During calendar years 2017 and 2018, for each working day during each of 20 or more calendar weeks, Kalmar employed 50 or more employees within a 75-mile radius of Plaintiff's location of employment.

## II.
## JURISDICTION AND VENUE.

5. The jurisdiction of the Federal Court is invoked because Plaintiff's claims arise under the statutes and laws of the United States, namely the Americans with Disabilities Act ("ADA"), and the Family Medical Leave Act ("FMLA") pursuant to 28 U.S.C. § 1331.

6. Venue is proper in that Defendant is located within this District and the acts complained of took place within this District.

## III.
## FACTS.

7. Plaintiff began his employment with Defendant in March 2015 and he remained employed until June 11, 2018 (save for a few days that he left employment with Respondent and worked for a different company in late April 2018).

8. Between June 11, 2017 and June 11, 2018, Plaintiff worked at least 1,250 hours.

9. At all relevant times, Plaintiff was meeting all the legitimate expectations of his job.

10. In approximately June 2018, Plaintiff met with Defendant's Human Resources department and asked for leave under the Family and Medical Leave Act.

11. Plaintiff explained that his father's mental health condition had deteriorated severely, explained the nature of his father's condition, and explained he needed the FMLA leave to care for his father.

12. The condition suffered by Plaintiff's father would temporarily and periodically cause him to be incapacitated and render him unable to provide proper care for himself.

13. The condition suffered by Plaintiff's father was a disability as defined by the Americans with Disabilities Act (ADA) in that the impairment substantially limits one or more major life activity, including his ability to properly care for himself.

14. Consequently, Plaintiff had an expectation he would periodically need to miss work to care for his father using FMLA time.

15. Although Plaintiff qualified for leave under the FMLA to provide intermittent assistance to his father, Respondent denied his leave request.

16. Upon Plaintiff's request for FMLA, Defendant failed to provide the individualized notice of rights required by statute.

17. Plaintiff subsequently missed work time to care for his father.

18. Plaintiff reported his absence via a phone call to Defendant.

19. Defendant counted Plaintiff's days of absence against him and terminated his employment in violation of the ADA in that it discriminated against his use of time off to care for a disabled individual.

20. Defendant counted Plaintiff's days of absence against him and terminated his employment in violation of the FMLA.

21. Due to Plaintiff's association with his father, a disabled individual, Defendant terminated his employment.

22. Defendant applied its policies in a discriminatory manner in that it held Plaintiff accountable for absences that were otherwise excused per the FMLA.

23. Plaintiff was treated less favorably under Defendant's policies than similarly situated coworkers.

24. Plaintiff mitigated his damages in that he found new, albeit lower paying work, within a few months of termination.

## IV.
## VIOLATION OF FMLA
## (INTERFERENCE/RETALIATION) AGAINST DEFENDANT.

25. Plaintiff hereby incorporates the foregoing paragraphs as though set forth herein.

26. The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right pursuant to the FMLA.

27. Defendant is an employer within the meaning of the FMLA.

28. Plaintiff was entitled to FMLA leave in that he had worked the requisite number of hours and the requisite number of calendar months to qualify for FMLA leave to care for the serious health condition of his Father.

29. Defendant interfered with, restrained, and denied Plaintiff's exercise, and attempted exercise of rights pursuant to the FMLA by denying Plaintiff's right to take FMLA leave and otherwise disciplining him and terminating his employment.

30. Defendant failed to provide the notices required of it under the FMLA in the form of the notice of rights and responsibilities that is to accompany each notice of eligibility provided by an FMLA covered entity.

31. Defendant retaliated against Plaintiff for his exercise and attempted exercise of FMLA rights by terminating his employment.

32. Plaintiff is entitled to all damages authorized by 29 U.S.C. § 2617, including lost wages and benefits, interest, liquidated damages, attorneys' fees, and equitable relief.

## V.
## ADA DISCRIMINATION/RETALIATION CLAIM AGAINST DEFENDANT.

33. Plaintiff hereby incorporates the foregoing paragraphs as though incorporated herein.

34. Plaintiff was associated with another individual suffering from a disability and/or a perceived disability in the form of mental illness.

35. Defendant knew of Plaintiff's association with another who suffered from a disability/perceived disability under the ADA.

36. Defendant terminated Plaintiff for absenteeism rather than provide job protected FMLA leave, which he was otherwise entitled to receive.

37. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within the appropriate time period and filed a complaint within 90 days after the date of receipt of a right to sue letter.

38. As such, this action is timely and Plaintiff has exhausted all administrative prerequisites to filing this action.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained and will continue in the future to sustain damages in the form of lost income, emotional pain, suffering, mental anguish, inconvenience, and loss of enjoyment of life.

40. Defendant's conduct against Plaintiff was intentional and in reckless disregard of his rights to be free from discrimination.

41. Plaintiff is entitled to economic damages, emotional distress damages, punitive damages, pre and post-judgment interest, attorneys' fees and any other relief the Court deems just and equitable.

## VII.
## REQUEST FOR JURY TRIAL.

Plaintiff requests a jury trial on all claims asserted herein.

## VIII.
## PLACE OF TRIAL.

Plaintiff designates Kansas City, Kansas as the place of trial.

Respectfully submitted,

**REAVEY LAW LLC**

By: __/s/ Kevin C. Koc__.
    Patrick G. Reavey KS# 17291
    Kevin C. Koc KS# 24953
    Livestock Exchange Building
    1600 Genessee Suite 303
    Kansas City, MO 64102
    Ph: 816.474.6300

Fax: 816.474.6302
Email: preavey@reaveylaw.com
Email: kkoc@reaveylaw.com
Website: www.reaveylaw.com