UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CODY PATTERSON,             )
                            )
            Plaintiff,      )
                            )
v.                          )   Case No. 2:19-cv-2745-DDC-TJJ
                            )
KALMAR SOLUTIONS LLC,       )
                            )
            Defendant.      )

## SCHEDULING ORDER

On April 1, 2020, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, Teresa J. James, conducted a telephone scheduling conference in this case with the parties. Plaintiff appeared through counsel, Kevin C. Koc. Defendant appeared through counsel, Camille L. Roe and Kyle B. Russell.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

| CODY PATTERSON v. KALMAR SOLUTIONS LLC<br>2:19-cv-2745-DDC-TJJ<br>SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | **May 15, 2020** |
| Defendant's settlement counter-proposal | **May 22, 2020** |
| Jointly **filed** mediation notice (through CM/ECF), or confidential settlement reports **emailed** to magistrate judge ksd_james_chambers@ksd.uscourts.gov. | **June 1, 2020** |
| Mediation completed | **August 28, 2020** |
| ADR report due | **14 days after mediation is held** |
| Exchange documents identified in Rule 26(a) Initial Disclosures | **April 15, 2020** |
| Final supplementation of initial disclosures | **40 days before deadline for completion of all discovery** |
| All discovery completed | **October 30, 2020** |
| Experts disclosed by plaintiff | **August 19, 2020** |
| Experts disclosed by defendant | **September 8, 2020** |
| Rebuttal experts disclosed | **September 21, 2020** |
| Physical and mental examinations | **July 24, 2020** |
| Jointly proposed protective order submitted to court | **April 7, 2020** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **April 14, 2020** |
| Motions to dismiss | **Doc. 4** |
| Motions to amend or join additional parties | **April 30, 2020** |
| All other potentially dispositive motions (e.g., summary judgment) | **December 18, 2020** |
| Motions challenging admissibility of expert testimony | **42 days before trial** |
| Comparative fault identification | **Does not apply** |
| Proposed pretrial order due | **November 16, 2020** |
| Pretrial conference before Judge James – Courtroom 236 | **November 19, 2020 at 2:30 PM** |
| Jury Trial in Kansas City, KS before District Judge Daniel D. Crabtree in Kansas City, KS; courtroom 476; ETT 3-4 days. | **September 7, 2021 at 9:00 AM** |

**1)      Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court has determined that settlement of this case potentially would be enhanced by use of early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **May 15, 2020**. Defendant must make a good-faith counter-proposal by **May 22, 2020**. By **June 1, 2020**, unless the parties have jointly filed a notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge (but not the presiding U.S. District Judge) at ksd_james_chambers@ksd.uscourts.gov. These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific recommendation regarding mediation or any other ADR method. If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include a statement of the nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. These reports must not be filed with the Clerk's Office.

Mediation is ordered. Absent further order of the court, mediation must be held no later than **August 28, 2020**. An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

*http://www.ksd.uscourts.gov/adr-report/*

**2)** **Discovery.**

a) The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1).

The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. See Fed. R. Civ. P. 37(c)(1).

b) In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various items described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged or made available for inspection and copying by **April 15, 2020**.

c) Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule In any event, final supplemental disclosures must be served no later than 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at

trial. The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires. Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

   d) All discovery must be commenced or served in time to be completed by **October 30, 2020**. Under the December 1, 2015 amendments to the Federal Rules of Civil Procedure, the court reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any non-privileged matter *provided* it is (a) relevant to a party's claim or defense, AND (b) proportional to the needs of this case. Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery is proportional is to be determined by considering, to the extend they apply, the following six factors:   (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

   e) If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **August 19, 2020**, and by defendant by **September 8, 2020**; disclosures and reports by any rebuttal experts must be served by **September 21, 2020**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137

(1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

      f)       The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case. In any event, the parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **July 24, 2020**. If the parties disagree about the need for or the scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties, the motion to be decided by the court, and for the examination to be conducted, all before the deadline expires.

      g)       The court considered the following discovery problem(s) raised by one or more of the parties:

> Plaintiff anticipates the following issues may arise in discovery which plaintiff would like to discuss with the Court during the scheduling conference:
> 1. Is a five year temporal scope on discovery about policies and practices appropriate as a threshold scope of discovery?
> 2. Is discovery of general policies applicable to all employees an appropriate scope of discovery?
> 3. Is discovery about Defendant's policies regarding employee terminations an appropriate topic for discovery?
> 4. Is discovery about Defendant's practices applying disciplinary and termination decisions to employees an appropriate topic for discovery?
> 5. Is discovery about Defendant's practices regarding FMLA, ADA and its attendance policy an appropriate topic for discovery?
> 6. Is Defendant's effort to train its staff on the FMLA, ADA and retaliation an appropriate topic for discovery?
> 7. Is discovery of communications via text, emails and/or instant message which refer to Plaintiff or related to Plaintiff during his last month of employment an

     appropriate topic for discovery?
    8. When responding to discovery will Defendant be required to include in its document production any folders and/or markings on files or folders that are part of responsive documents (e.g. personnel or investigation files)?
    9. When responding to discovery is Plaintiff is entitled to Custodial information as to which custodian the information was obtained from (e.g. it may choose to remove information about whose email a file is pulled from)?
    10. May Defendant unilaterally exclude sources under their control (e.g. corporate in-house legal department) from appropriate searches for responsive discovery when such sources may have information or documents responsive to the other side's discovery requests?

  h)  Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows:

**Form of production**:
- Unless otherwise agreed upon, the parties may disclose/produce ESI in hardcopy or static form (e.g., .pdf or .TIF), thereby allowing documents produced to be indexed and individually marked through "bates" stamping. Consistent with the Federal Rule of Civil Procedure 34(b)(iii), the parties will presumptively need not produce the same ESI in more than one form; however, after the production of ESI in a hardcopy or static form, the parties may request disclosure of metadata or native files for particular documents where good cause has been demonstrated, e.g. when the original creation date of a document is at issue and disputed, or when a static image is not reasonably usable, e.g. when a .pdf image is unable to capture/display all column/information contained in a spreadsheet such as an Excel file.

**Search parameters/terms**:
- The parties agree that it is too early in the litigation to meaningfully discuss keyword search terms for e-mail review, but will confer to attempt to reach an agreement once written discovery is propounded seeking e-mail or other potentially voluminous ESI. If deleted information is requested, the parties will attempt to agree on a third party to restore the deleted information and will discuss who will bear the cost. If backup or archival data is requested, the parties will confer regarding whether production is appropriate and, if so, who will bear the cost.
- Additionally, the court instructed counsel to review the ESI Guidelines on the court's website and, if appropriate, to supplement in writing their agreement regarding preservation and production of ESI.

  i)  Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production

will be handled as follows:

- The parties agree that if either party inadvertently produces privileged or trial preparation materials, regardless of the form, the recipient of the privileged information will notify the opposing party of such disclosure. After the opposing party is notified, the opposing party shall return all information and copies and may not use or disclose this information until the claim of privilege or protection is resolved. The parties also agree to a "claw back" agreement whereby if materials are disclosed without intent to waive privilege or trial preparation protection such privilege or protection is not waived and such materials are to be returned to the responding party so long as the responding party identifies the materials mistakenly produced. The parties request these provisions to be included in the Scheduling Order; the parties also intend to include the substance of these provisions in a Protective Order to be submitted to the Court.

j) To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by parties and counsel in this case:

- The parties will make every effort to resolve discovery disputes through discussions with counsel; schedule and take depositions by agreement and limit them in number and length; serve papers by e-mail on all counsel; produce documents on a rolling basis; agree on the language of a protective order subject to approval by the Court; and number exhibits sequentially.

k) No party may serve more than 30 interrogatories, including all discreet subparts, on any other party.

l) No more than 5 depositions may be taken by plaintiff, and no more than 5 depositions may be taken by defendant. Each deposition must be limited to 7 hours. All depositions must be governed by the written guidelines that are available on the court's website:

http://www.ksd.uscourts.gov/deposition-guidelines/

m) Discovery in this case may be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, they must confer and then submit a jointly proposed protective order by **April 7, 2020**. This proposed protective order

should be drafted in compliance with the guidelines available on the court's website:

http://ksd.circ10.dcn/wp-content/uploads/2018/01/PO-Guidelines-Form-Rev.-March-2019.docx

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). A pre-approved form of protective order is included with the guidelines at the hyperlink shown above.

If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **April 14, 2020**. The parties and counsel are strongly encouraged to consider emailing the chambers of the undersigned magistrate judge for further guidance before filing such a motion.

n)      The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it is certified as (i) consistent with the applicable rules and warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification

violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3) Motions.**

    a) A motion to dismiss was previously filed in this case (Doc. 4).

    b) Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **April 30, 2020**.

    c) All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **December 18, 2020**

    d) Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://www.ksd.uscourts.gov/summary-judgment/*

  e)  All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed **42 days before trial**.

  f)  **If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider calling or emailing the undersigned Magistrate Judge's chambers to arrange a telephone or in-person discovery conference before filing such a motion. But such a conference is not mandatory. For purposes of complying with the "meet and confer" requirements, the court construes the term "confer" to require more than mere e-mail communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must actually talk with each other about their discovery disputes before filing a motion to compel or similarly related discovery motion.**

  g)  Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection is waived. *See* D. Kan. Rule 37.1(b). In the event a telephone or in-person discovery conference is held, if appropriate the court will adjust the deadline for filing a motion to compel.

  h)  To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a

motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(c).

      i)      The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**5)**       **Pretrial Conference, Trial, and Other Matters.**

      a)      The parties agree that principles of comparative fault do not apply to this case.

      b)      Pursuant to Fed. R. Civ. P. 16(e), an in person pretrial conference is scheduled for **November 19, 2020 at 2:30 PM** in Courtroom #236, Robert J. Dole United States Courthouse, 500 State Avenue, Kansas City, Kansas. The attorneys who have entered an appearance and pro se parties must attend the conference in person, unless at least 5 days prior to the conference they obtain leave to appear by telephone. Such leave will be freely granted upon appropriate request, by e-mailing Judge James' chambers at ksd_james_chambers@ksd.uscourts.gov. If counsel for any party or any pro se party is granted leave to participate by telephone, then all counsel and pro se parties will be notified by docket entry on the ECF System of the call-in number and all will be required to participate by phone in the conference at the scheduled time. Unless otherwise notified, the undersigned Magistrate Judge will conduct the conference.

No later than **November 16, 2020**, defense counsel must submit the parties' proposed pretrial order (formatted in Word) as an attachment to an e-mail sent to *ksd_james_chambers@ksd.uscourts.gov*. The proposed pretrial order must <u>not</u> be filed with the Clerk's Office. It must be in the form available on the court's website:

*http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

      c)      The parties expect the jury trial of this case to take approximately 3-4 trial days. The case will be tried in Kansas City, Kansas before District Judge Daniel D. Crabtree, and this case is set for trial on the court's docket beginning on **September 7, 2021 at 9:00 AM**. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial. The parties and counsel are advised that any future request for extension of deadlines that includes a request to extend the dispositive motion deadline will likely result in a new (i.e., later) trial date.

      d)      The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

      e)      This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court. The *Pillars of Professionalism* are available on this court's website:

*http://www.ksd.uscourts.gov/pillars-of-professionalism/*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

13

IT IS SO ORDERED.

Dated April 3, 2020, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge