# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CODY PATTERSON,**

 **Plaintiff,**

v.

**KALMAR SOLUTIONS, LLC,**

 **Defendant.**

**Case No. 19-2745-DDC-TJJ**

## MEMORANDUM AND ORDER

Plaintiff Cody Patterson has filed a Complaint (Doc. 1) alleging interference and retaliation violating the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654, and discrimination and retaliation violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213.  Defendant Kalmar Solutions, LLC seeks dismissal of plaintiff's ADA retaliation claim (Doc. 4).[1]  Plaintiff has responded (Doc. 10) and defendant has filed a Reply (Doc. 12).  For reasons explained below the court denies defendant's motion.

### I. Factual Background

The following facts come from plaintiff's Complaint and the court views them in the light most favorable to him.  *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) ("We accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the [plaintiff]." (citation and internal quotations marks omitted)).

---

[1] Defendant's Motion to Dismiss also sought dismissal of plaintiff's FMLA retaliation claim for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Doc. 4 at 1; Doc. 5 at 4–5.  But, in its Reply, defendant abandoned the part of its motion asking to dismiss plaintiff's FMLA retaliation claim because of an unpublished case—*Wehrley v. American Family Mutual Insurance Co.*, 513 F. App'x 733 (10th Cir. 2013)—plaintiff cited in his Response.  Doc. 12 at 3.  So, the only claim still at issue is plaintiff's ADA retaliation claim.

Defendant employed plaintiff from around March 2015 until June 11, 2018, except for "a few days that he left employment with [defendant] in late April 2018." Doc. 1 at 2 (Compl. ¶ 7). Between June 11, 2017, and June 11, 2018, plaintiff worked some 1,250 hours for defendant. *Id.* (Compl. ¶ 8). In June 2018, plaintiff met with defendant's Human Resources department and requested leave under the FMLA. *Id.* (Compl. ¶ 10). Plaintiff explained that his father had a mental health condition, that his father's condition had deteriorated, and that he needed to take leave under the FMLA to care for his father. *Id.* (Compl. ¶ 11). Plaintiff's father's condition periodically and temporarily incapacitated him and rendered him incapable of caring for himself. *Id.* at 3 (Compl. ¶ 12). Because of his father's condition, plaintiff anticipated that he would need to rely on FMLA leave periodically so that he could care for his father. *Id.* (Compl. ¶ 14). Defendant denied his request for leave. *Id.* (Compl. ¶ 15). After defendant's decision to deny him leave under the FMLA, plaintiff missed work time because he needed to care for his father. *Id.* (Compl. ¶ 17). Plaintiff reported his absences to defendant by phone call. *Id.* (Compl. ¶ 18). Defendant then "counted [p]laintiff's days of absence against him" and terminated his employment. *Id.* at 3 (Compl. ¶ 19).

## II.     Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive such a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not include "'detailed factual allegations,'" but it must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'" *Id.*

(quoting *Twombly*, 550 U.S. at 555). Essentially, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). This plausibility standard reflects the requirement in Fed. R. Civ. P. 8 that pleadings must provide defendants with fair notice of the nature of the claims as well as the grounds for each claim. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191–92 (10th Cir. 2012); *see also* Fed R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . .").

When considering a Rule 12(b)(6) motion, a district court must accept as true all factual allegations in the complaint, but it need not extend this presumption to any legal conclusions it asserts. *Iqbal*, 556 U.S. at 678. Viewing the complaint in this fashion, a court must decide whether plaintiff's allegations give rise to more than speculative possibilities. *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). If the allegations in the complaint allow a district court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," the claim has facial plausibility and the court should not dismiss it under Rule 12(b)(6). *Davenport v. Wal-Mart Stores, Inc.*, No. 14-CV-2124-JAR-JPO, 2014 WL 3361729, at *2 (D. Kan. July 9, 2014). But, if the allegations in the complaint at issue are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

**III.     Analysis**

Defendant asserts that the court should dismiss the Complaint's ADA retaliation claim because plaintiff has failed to exhaust his administrative remedies. Doc. 5 at 6–8. "Exhaustion of administrative remedies is a prerequisite to bringing suit under the ADA." *EEOC v. Wal-Mart Stores, Inc.*, 202 F.3d 281 (Table), 1999 WL 1244485, at *3 (10th Cir. Dec. 21, 1999); *see also Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018) (explaining that plaintiff may not normally bring a Title VII action based on claims that were not part of a timely-filed EEOC charge). "To exhaust administrative remedies, a plaintiff generally must present her claim to the EEOC or authorized state agency (in Kansas, the KHRC) and receive a right to sue letter based on that charge." *Rader v. U.S.D. 259 Wichita Pub. Schs.*, 844 F. Supp. 2d 1206, 1210 (D. Kan. 2011). The purpose of the exhaustion requirement is "'(1) to give notice of the alleged violation to the charged party; and (2) to give the EEOC an opportunity to conciliate the claim.'" *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1185 (10th Cir. 2007) (quoting *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994), *abrogated on other grounds by Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003)). The administrative charge, at the least, should identify the type of discrimination complained of, the parties involved, and an approximate time period. *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998).

Two sections of plaintiff's EEOC Charge affect analysis of exhaustion issue this case presents: (1) the "Cause of Discrimination Based On" section, and (2) the "Particulars Are" section. *First*, the "Cause of Discrimination" section provided plaintiff nine boxes—race, color, sex, religion, age, retaliation, national origin, disability, and "other"—for plaintiff to select as the basis or bases for his Charge. Doc. 5-1 at 2. Plaintiff marked just one of the choices—the "disability" box. *Id.* He did not mark the retaliation box. *Id. Second*, the "Particulars Are"

4

section required plaintiff to describe, in narrative form, the circumstances of the violation he alleged. *Id.* Plaintiff's narrative provides:

> I, [plaintiff], hereby charge [defendant], with associational disability discrimination based on its action in terminating my employment shortly after I disclosed the severe nature of my father's mental health condition in connection with a request for intermittent leave under the Family and Medical Leave Act. I was employed by [defendant] from March 2015 through June 11, 2018 (save for a few days that I left my employment for [defendant] and worked for a different company in late April 2018). Though I otherwise qualified for leave under the FMLA to provide intermittent assistance to my father, [defendant] denied my leave request, counted my days of absence against me, and terminated my employment in violation of the ADA.

*Id.* According to defendant, plaintiff has failed to exhaust his administrative remedies for his ADA retaliation claim because (1) he failed to mark the "retaliation" box on the EEOC Charge, and (2) his narrative in the "Particulars Are" section "is devoid of any details" about allegedly retaliatory conduct. Doc. 5 at 6–7. Defendant asserts that plaintiff's narrative "sets forth associational disability *discrimination* as the basis of his claim," and "[n]o reasonable reader could conclude that [p]laintiff engaged in protected activity or that he asserts a claim for ADA retaliation."[2] *Id.* at 7. Plaintiff disagrees. Though he failed to mark the "retaliation" box on his EEOC Charge, plaintiff claims, his narrative sufficiently sets forth the basis for his retaliation claim. Doc. 10 at 1–2. The court agrees with plaintiff.

---

[2] Defendant's motion only argues that plaintiff didn't exhaust an ADA retaliation claim because he didn't allege such a claim in his Charge. So, that's the only question this Order addresses. In a footnote in a Reply, defendant asserts that plaintiff's ADA retaliation claim fails as a matter of law to the extent his retaliation claim relies on plaintiff's request (and defendant's alleged denial) for a "reasonable accommodation" in the form of time off work to care for his allegedly disabled father because an employer has no obligation to provide such leave as a reasonable accommodation under the ADA. *See* Doc. 12 at 2 n.1 (citing *Den Hartog v. Wasatch Acad.*, 129 F.3d 1076, 1084 (10th Cir 1997)). The court generally doesn't address arguments raised for the first time in a Reply. *Choate v. City of Gardner, Kan.*, No. 16-2118-JWL, 2020 WL 774097, at *4 (D. Kan. Feb. 18, 2020). Thus, the court doesn't consider the argument defendant makes in the Reply's footnote because defendant's opening brief only made the failure to exhaust argument.

"The failure to mark a particular box creates a presumption that the charging party is not asserting claims represented by that box." *Jones*, 502 F.3d at 1186 (citing *Gunnell*, 152 F.3d at 1260). "The presumption may be rebutted, however, if the text of the charge clearly sets forth the basis of the claim." *Id.* And the court "liberally construe[s] charges filed with the EEOC" when deciding whether a plaintiff had exhausted his administrative remedies. *Id.* (citing *MacKenzie v. City and Cty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005), *abrogated on other grounds by Lincoln*, 900 F.3d at 1185).

Here, plaintiff didn't mark the "retaliation" box on his EEOC Charge. So, a presumption arises that his Charge doesn't assert a retaliation claim. *Id.* But the court also considers the substance of plaintiff's Charge—not solely the label he attaches to it—when deciding whether he alleged a retaliation claim in his EEOC Charge. *Id.* (emphasizing that the court's exhaustion inquiry "is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory *acts* alleged in the administrative charge"); *see also Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003) (noting that when deciding whether plaintiff has exhausted administrative remedies, the court focuses on the factual allegations describing the discriminatory conduct); *Ellis v. Georgetown Univ. Hosp.*, 631 F. Supp. 2d 71, 76 (D.D.C. 2009) (explaining that the "[c]ourt's task is not to search for magic words—it must parse the substance of the allegations to determine whether they fairly embrace a retaliation claim." (internal quotation marks and citation omitted)); *Rieger v. Orlor, Inc.*, 427 F. Supp. 2d 105, 115 (D. Conn. 2006) (concluding that plaintiff had exhausted her administrative remedies by alleging the conduct underlying her retaliation claim—*i.e.*, that she was transferred to a lower-paying position and then terminated after seeking an accommodation for her disability even though she failed to label her charge as one claiming discrimination).

The narrative in plaintiff's EEOC Charge sufficiently charges retaliation under the ADA. He alleged that defendant terminated his employment "shortly after" he disclosed his father's mental health condition and requested leave so that he could care for his father.  Doc. 5-1 at 2. Although plaintiff failed to mark the retaliation box, his narrative sufficiently captures the facts underlying a retaliation claim.  *See Jones*, 502 F.3d at 1186 (holding that the EEOC Charge "must contain facts concerning the discriminatory and retaliatory actions underlying each claim . . . ."); *see also Williams v. United/Cont'l*, No. 17-cv-01191-LTB-MJW, 2018 WL 3126113, at *5 (D. Colo. June 26, 2018) (concluding plaintiff had exhausted his administrative remedies despite his failure to "attach a legal label to his underlying factual allegations" in his narrative).  In sum, though plaintiff failed to mark the "retaliation" box on his EEOC Charge, his ADA retaliation claim fell within "the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory *acts* alleged in the administrative charge."  *Jones*, 502 F.3d at 1186.  The court thus denies defendant's Motion to Dismiss (Doc. 4).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 4) is denied.

**IT IS SO ORDERED.**

**Dated this 26th day of May, 2020, at Kansas City, Kansas.**

>     **s/ Daniel D. Crabtree**
>     **Daniel D. Crabtree**
>     **United States District Judge**